Exhibit D

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

1180 PEACHTREE STREET, NE
21st Floor
Atlanta, Georgia
30309

Telephone
404 892-5005

Facsimile
404 892-5002

Web Site
www.fr.com

**George L. Kanabe**
404 724-2772

Email
Kanabe@fr.com



ATLANTA

BOSTON

DALLAS

DELAWARE

HOUSTON

MUNICH

NEW YORK

SILICON VALLEY

SOUTHERN CALIFORNIA

TWIN CITIES

WASHINGTON, DC

September 14, 2010

**OptimalTest, Inc.**
c/o PHS Corporate Services, Inc.
1313 N. Market Street, Suite 5100
Wilmington, DE 19801

Re:  *Auburn University v. International Business Machines Corp.,*
USDC M.D. Ala., No. 3:09-cv-00694-MEF

Dear Sir or Madam:

We represent plaintiff Auburn University in the above-captioned patent infringement case, in which Auburn University has asserted two U.S. patents against IBM.  The enclosed subpoena requests OptimalTest to produce documents relevant to this case.

Because OptimalTest is not a party to this case, we will work with you to minimize any inconvenience.  Additionally, I have enclosed a copy of the Stipulated Protective Order governing this case, which should alleviate any confidentiality concerns you may have regarding the requested documents.

As you will note, the subpoena calls for the production of documents (the nature of which is described in the attachment) at our office in Wilmington, Delaware. Alternatively, you could simply send copies of the documents to us if that is more convenient for you.  Further, although the subpoena requires the production of documents by September 28, 2010, we will work with you to agree on a reasonable schedule if you are unable to meet this deadline.  However, please bear in mind that

FISH & RICHARDSON P.C.

September 14, 2010
Page 2


your cooperation and production of documents is necessary to advance several issues
in this case.

Please do not hesitate to contact me at (404) 724-2772 or kanabe@fr.com with any
questions or concerns you may have.  We appreciate your assistance with this matter.

Very truly yours,

*George L. Kanabe*

George L. Kanabe


Enclosures

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | |
|---|---|
| AUBURN UNIVERISTY | ) |
| *Plaintiff* | ) |
| v. | ) |
| INTERNATIONAL BUSINESS MACHINES CORP. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.     3:09-cv-00694-MEF

(If the action is pending in another district, state where:

Middle District of Alabama                    )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   OptimalTest, Inc., c/o PHS Corporate Services, Inc.
   1313 N. Market Street, Suite 5100, Wilmington, DE 19801

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: see Exhibit A attached.

| Place: Fish & Richardson P.C.<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801 | Date and Time:<br><br>09/28/2010 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     09/14/2010

| CLERK OF COURT | OR | *George L. Kanabe* |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
AUBURN UNIVERSITY.                                                  , who issues or requests this subpoena, are:

George Kanabe, 1180 Peachtree Street, NE, 21st Floor, Atlanta, GA 30309
Phone: (404) 724-2772; email: kanabe@fr.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:09-cv-00694-MEF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:09-cv-00694-MEF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A – DOCUMENT REQUESTS

### I.      DEFINITIONS

1.      "Auburn" and "Plaintiff" refer to Auburn University, including all officers, directors, employees, agents, consultants, attorneys, predecessors, subsidiaries, affiliates, and divisions.

2.      "IBM" and "Defendant" refer to International Business Machines Corp., including past and present officers, directors, employees, agents, consultants, attorneys, or others acting or purporting to act on their behalf, including their predecessors, subsidiaries, parents, and affiliates.

3.      "OptimalTest," "You," and "Your" refer to OptimalTest, Inc. and OptimalTest, Ltd., including past and present officers, directors, employees, agents, consultants, attorneys, or others acting or purporting to act on their behalf, including their predecessors, subsidiaries, parents, and affiliates.

4.      The term "Auburn patents-in-suit" refers to either or both of United States Patent Nos. 7,194,366 and 7,409,306.

5.      The term "IBM patents" refers to either or both of United States Patent Nos. 6,789,032 and 7,139,944.

6.      The terms "test" and "testing" mean any analysis, study, examination, evaluation, investigation, inspection, observation, measurement, procedure, or reaction used or performed to identify or characterize any thing.

7.      The term "electronic components" includes, but is not limited to, integrated circuits and memory chips.

1

8.       The term "adaptive testing" refers to testing strategies based in part on the presence of and/or the number of defects in a component and/or in neighboring components.

9.       The term "document" means any recording of information in tangible or recoverable form, including all written, typed, printed, recorded or graphic matter, photographic matter and tapes, records, tape recordings or other sound or visual reproduction materials, computer databases, computer tapes and discs, word processing files, discs, diskettes, or "floppies," or any other device or tangible objects however produced, reproduced or stored, upon which words or other information are affixed or recorded or from which, by appropriate transcription, written matter or a tangible thing may be produced, that is in your actual or constructive possession, custody or control, all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. It includes, but is not limited to, letters, memoranda, reports, evaluations, correspondence, communications, agreements, contracts, invoices, checks, journals, ledgers, telegrams, telexes, handwritten notes, periodicals, pamphlets, computer or  business machine printouts, accountants' work papers, accountants' statements and writings, notations or records of meetings, printers' galleys, books, papers, speeches, public relations issues, advertising, materials filed with governmental agencies, offices manuals, employee manuals or office rules and regulations, reports of experts, and any other written matter.  A draft or non-identical copy is a separate document.

10.       The term "thing" means any tangible object other than a document.

11.       The term "communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise, orally, in writing, by electronic transmission or in any other form.

2

12.     The terms "person" and "entity" and their plural forms include, but are not limited to, natural persons, law firms, partnerships, corporations, associations, and other legal entities, and divisions, departments, or other units thereof.

13.     The terms and phrases "relating," "concerning," "refers to," "referring or relating to," "refer or relate to," "refers or relates to," or "reflecting" mean the source document or thing (if any) and any document or thing that contains, records, discusses, involves, concerns, mentions, notes, evidences, memorializes, examines, describes, regards, pertains to, comments upon, reflects, identifies, or refers in any way to the matters set forth.

14.     The singular shall include the plural and vice versa.  Any pronoun should be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate.  The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.  The term "any" includes "all" and "all" includes "any;" "each" includes "every" and "every" includes "each;" and "includes" or "including" means "including, but not limited to."

## II.    REQUESTS FOR PRODUCTION

1.      All documents that refer to any of the Auburn patents-in-suit.

2.      All documents that refer to any of the IBM patents.

3.      All documents that evidence, refer, or relate to your communications concerning any of the Auburn patents-in-suit and/or any of the invention(s) claimed in the Auburn patents-in-suit, including but not limited to any communications with IBM and/or any attorney, individual or entity acting on the behalf of IBM, or any communication with Auburn University at the behest of IBM and/or any attorney, individual or entity acting on the behalf of IBM.

4.      All documents that evidence, refer, or relate to your communications concerning any of the IBM patents and/or any of the alleged invention(s) claimed in the IBM patents, including but not limited to any communications with IBM and/or any attorney, individual or entity acting on the behalf of IBM.

5.      All documents that evidence, refer or relate to adaptive testing of electronic components that has been, is being, or may be performed by or on behalf of IBM, including any benefits (including but not limited to the saving of time or money) derived from such adaptive testing.

6.      All documents that evidence, refer, or relate to adaptive testing of electronic components that has been, is being, or may be performed by OptimalTest on behalf of IBM.

7.      All documents that evidence, refer, or relate to your collaboration with IBM relating to adaptive testing or reliability testing.

8.      All documents that evidence, refer, or relate to any contract or agreement between OptimalTest and IBM relating to adaptive testing or reliability testing, including drafts thereof.

9.      All documents that evidence, refer, or relate to any transfer or exchange of knowledge between OptimalTest and IBM regarding adaptive testing of electronic components.

4

10.     All documents that evidence, refer, or relate to any proposal, presentation, or marketing communication by OptimalTest to IBM relating to possible adaptive testing or reliability testing of electronic components, including all correspondence between OptimalTest and IBM regarding such proposal, presentation, or marketing communication.

5

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| AUBURN UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-cv-00694-MEF |
| v. | ) | |
| | ) | |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROTECTIVE ORDER

WHEREAS, certain documents, materials, and other information of the parties Auburn University and International Business Machines Corp. (individually, a "Party," collectively, the "Parties") or other individuals and entities subject to discovery or disclosure in the above-captioned action (the "Litigation") may be claimed to constitute or contain confidential, trade secret, or proprietary commercial information; and

WHEREAS, the interests of the Parties, and the proprietary activities in which they are engaged, would be jeopardized if confidential, competitively sensitive materials and information that is produced in the Litigation were disclosed; and

WHEREAS, the Parties wish to ensure that any and all proprietary or confidential commercial information that is produced in the Litigation is not disseminated beyond the confines of the Litigation and that certain information is accorded additional protection; and

WHEREAS, the Parties wish to ensure that the attorney-client privilege, attorney work product protection, and any other applicable privileges and/or immunities are not waived by the inadvertent disclosure of privileged documents or information;

Exhibit D
Page 118

NOW, THEREFORE, the Parties hereby stipulate and agree, pursuant to Federal Rule of Civil Procedure 26(c), and this Court hereby orders as follows:

1.      This Stipulated Protective Order (the "Stipulated Order") shall govern the handling and treatment of all confidential, trade secret, or proprietary documents, materials and other information, including deposition testimony and deposition transcripts, that are produced or provided in the course of pre-trial discovery and preparation for trial in the Litigation, as well as any privileged documents or information that are inadvertently produced in the Litigation.

2.      The period of time within which any action must or can be performed pursuant to this Stipulated Order shall be calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure that is in effect at the time the action is performed.

3.      Discovery Material (as defined in Paragraph 5 below) designated by any Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" under the provisions of this Stipulated Order shall be used by any Receiving Party solely for purposes of the preparation and trial of the Litigation, for any related appellate proceeding, and for no other purpose.  For purposes of this Stipulated Order, the term "Producing Party" means any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material. The term "Receiving Party" means any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

4.      For purposes of this Stipulated Order, the term "document" includes all things within the scope of Rule 34 of the Federal Rules of Civil Procedure.

5.      The term "Discovery Material" means any document, material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, production documents, product samples and any information or data derived from such samples, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

6.      A Party may designate as "CONFIDENTIAL" any Discovery Material (including discovery responses or portions thereof) which that Party, in good faith, deems to be confidential in nature and that (a) is not publicly known and that the Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, or that (b) comprises or contains information that the Party claims in good faith to constitute or relate to sensitive non-public proprietary information, such as trade secrets or other confidential research, development, or commercial information.  Such designation shall be made at the time of delivery of a copy of the Discovery Material to the Receiving Party.  The designation "CONFIDENTIAL" shall be made by stamping or writing the words "CONFIDENTIAL" on each page of the Discovery Material so designated.  Discovery Material that is designated CONFIDENTIAL may be disclosed only to the individuals identified in Paragraphs 12 and 13, *infra*.

A Party may designate CONFIDENTIAL Discovery Material as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" if, and only if, that CONFIDENTIAL Discovery Material contains or discloses information relating to, referencing, or pertaining to highly sensitive or proprietary technical, financial, business or personal

information, the improper use or disclosure of which would likely do harm to the Producing Party's business, employees, or other persons, which may include, but is not limited to, confidential customer lists, trade secrets relating to current or future products, and non-public documents concerning pending patent applications. Such designation shall be made at the time of delivery of a copy of the Discovery Material to the Receiving Party. The designation "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" shall be made by stamping or writing the words "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" on each page of the Discovery Material so designated. Discovery Material that is designated HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY may be disclosed only to the individuals identified in Paragraph 13, *infra*.

7.      Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" in accordance with the terms of this Stipulated Order hereinafter is referred to collectively as "CONFIDENTIAL MATERIAL." All CONFIDENTIAL MATERIAL not reduced to documentary or tangible form or which cannot reasonably be designated in the manner set forth in Paragraph 6, *supra*, shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" by informing the Receiving Party of such designation in writing contemporaneous with the production of the CONFIDENTIAL MATERIAL and by labeling the container for such CONFIDENTIAL MATERIAL with the appropriate legend.

8.      Each person to whom CONFIDENTIAL MATERIAL is to be given, shown, disclosed, made available or communicated in any way in accordance with this Stipulated Order and who is required to do so pursuant to Paragraphs 12 and/or 13 below, shall first execute an Acknowledgement of Stipulated Protective Order in substantially the form shown in Exhibit A

("Acknowledgment").  Outside counsel for the Receiving Party shall keep in its files an original of each such executed Acknowledgement until sixty (60) days after the final termination of the Litigation (which includes all appeals).  Upon final termination of the Litigation and/or at the request of the Producing Party, all such executed Acknowledgements shall be provided to outside counsel for the Producing Party.

All CONFIDENTIAL MATERIAL must be used by any Receiving Party solely for the Litigation and the preparation and trial of the Litigation, or any related appellate proceedings, and shall not be used for any other purpose, including without limitation for any other litigation, for patent licensing, or for patent prosecution.

9.      A non-party to the Litigation (*e.g.*, a third party producing Discovery Material pursuant to subpoena) may designate any Discovery Material which the non-party, in good faith, deems to be confidential, trade secret, or proprietary in nature, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" by means of the procedures described in Paragraph 6, *supra*.  All Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" by a non-party in accordance with the terms of this Stipulated Order shall be treated by the Parties as CONFIDENTIAL MATERIAL.

10.     Notwithstanding the foregoing, a Party's or non-party's inadvertent failure to designate Discovery Material as CONFIDENTIAL MATERIAL as set forth in Paragraphs 6 and 7, *supra*, or a mis-designation of Discovery Material (*e.g.* "CONFIDENTIAL" rather than "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY") shall not constitute a waiver of any claim that the Discovery Material is entitled to protection under this Stipulated Order, provided that the Producing Party notifies all Receiving Parties that such Discovery

Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES

ONLY within a reasonable amount of time from when the failure to designate first became

known to the Producing Party.  Within a reasonable time of learning of an inadvertent failure to

designate Discovery Material as CONFIDENTIAL MATERIAL, or of any mis-designation, any

Party or non-party may so designate Discovery Material as CONFIDENTIAL MATERIAL, or

may correct any mis-designation, with the effect that the Discovery Material thereafter shall be

subject to the protections of this Stipulated Order as if the desired designation originally had

been made.  In the event that a belated designation or corrected designation is made, each

Receiving Party promptly shall take all reasonable steps to retrieve the relevant material,

including any copies, derivations, excerpts, summaries and/or notes related to the

CONFIDENTIAL MATERIAL, to the extent it has been disclosed to persons who would not be

authorized to view it under Paragraphs 12 and 13, *infra*, shall identify in writing to the

Designating Party, those persons, other than authorized persons, to whom Discovery Material

designated as CONFIDENTIAL MATERIAL, have been disclosed, and shall return any

unmarked or improperly marked copies of the relevant material that are recovered to the

Producing Party within fourteen (14) days of the receipt of properly marked, substitute copies.

11.     A Party or non-party may designate any deposition transcript or portion thereof as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY"

by so stating on the record or by giving notice in writing to the other Parties and non-parties

within fourteen (14) days of receipt of the deposition transcript, prior to which time all

deposition transcripts shall be treated as HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS'

EYES ONLY in their entirety.  All designations of confidentiality shall be made reasonably and

in good faith.  The cover of any deposition transcript that contains CONFIDENTIAL

MATERIAL shall be prominently marked or labeled with the corresponding confidentiality designation in accordance with Paragraph 6 of this Stipulated Order.  All deposition transcripts designated as containing CONFIDENTIAL MATERIAL shall be disclosed and otherwise treated only as provided pursuant to the terms of this Stipulated Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to the Stipulated Order, substantially as set forth below:

> This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties.

Only persons to whom CONFIDENTIAL Discovery Material may be disclosed pursuant to this Stipulated Order may be present in a deposition for testimony relating to CONFIDENTIAL Discovery Material.  Only persons to whom HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY Discovery Material may be disclosed pursuant to this Stipulated Order may be present in a deposition for testimony relating to HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY Discovery Material.  Whenever CONFIDENTIAL MATERIAL is expected to be disclosed in a deposition, a Party or non-party expecting to make a confidentiality designation shall have the right to exclude from attendance at the deposition every person except the deponent, the stenographer, the videographer, and those individuals authorized under Paragraphs 12 and 13 of this Stipulated Order, *infra,* to receive the CONFIDENTIAL MATERIAL.

12.    All Discovery Material designated as "CONFIDENTIAL" and any information obtained from such Discovery Material shall be available only to the following persons, subject to the terms of Paragraph 15:

      a.     The Receiving Party's outside counsel of record in the Litigation and members, associates and employees of the firms of counsel of record for the Parties;

      b.     Judges, Magistrate Judges, law clerks and clerical personnel of the Court before which the Litigation is pending or qualified court reporters;

      c.     The Receiving Party's consultants or experts, excluding employees, officers or directors of a named party or owners of more than a two-percent interest in a named party, retained by any of the parties or their counsel to consult or testify in the Litigation, subject to the provisions set forth in Paragraph 15;

      d.     Independent stenographic personnel, court reporters, videographers, document imaging, database services, or photocopying services providing services to the Receiving Party in the Litigation;

      e.     Independent graphics or demonstrative companies providing services to the Receiving Party in the Litigation provided that they first execute an Acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order and the limitations set forth therein;

      f.     Authors or drafters of the Discovery Material; anyone to whom the Discovery Material was addressed; anyone who received the Discovery Material prior to the commencement of this Litigation; or anyone who received the Discovery Material during this Litigation but only if they obtained the Discovery Material independently and outside of this Litigation and not in violation of this Stipulated Order; anyone who is a current employee of the Producing Party; and anyone who is a previous employee of the Producing Party provided that (a) the previous employee reviews this Stipulated Order and executes the Acknowledgement attached hereto at Exhibit A prior to receiving

Exhibit D
Page 125

Discovery Material designated CONFIDENTIAL; (b) the previous employee of the Producing Party is not employed or retained by the Receiving Party; (c) the former employee was an employee of the Producing Party at the time the Discovery Material was created or distributed; and (d) Discovery Material designated CONFIDENTIAL is shared with the previous employee of the Producing Party only during a deposition taken in this action;

g.      The Receiving Party's jury or trial consulting services for the Litigation provided that they first execute an Acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order and the limitations set forth therein;

h.      Persons who have been retained by the Receiving Party to provide translation or interpretation from one language to another, provided that they first execute an Acknowledgement in the form attached thereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order and the limitations set forth herein;

i.      Any other person to whom the Producing Party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that disclosure may be made; and

j.      For each party to the Litigation, up to three designated in-house counsel of the Receiving Party who do not participate in or oversee prosecution of patents and who have responsibility for supervising the Litigation; provided, however, that he or she first execute an Acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order and the limitations set forth therein.  The designated in-house counsel are:

Exhibit D
Page 126

For Auburn University:  Lee Armstrong, General Counsel

For International Business Machines Corp.: Michelle H. Browdy (Vice President and Assistant General Counsel); Eric Damon (Counsel, Corporate Litigation); Daniela Combe (Associate General Counsel)

13.    All Discovery Material designated as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" and any information obtained from such Discovery Material may be disclosed only to those individuals who are authorized to access CONFIDENTIAL information under Paragraphs 12(a)-12(i) *supra*.

14.    Notwithstanding the provisions of Paragraphs 12 and 13 *supra*, the parties agree that the individuals listed in Paragraph 12(j) shall have access to certain "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" financial information once they have executed the Acknowledgement attached hereto as Exhibit A.  This information includes (a) the damages expert reports of both parties; and (b) the underlying information identified by the damages experts in preparing their reports.  The individuals listed in Paragraph 12(j) shall also have access to financial information for all purposes related to settlement, provided that the party disclosing such financial information to its in-house counsel notify the producing party (3) business days prior to such disclosure.  If the producing party objects to such disclosure, the objection procedure shall be as set forth in Paragraph 16, *infra*.

15.    For the pendency of the Litigation, and for a period of two (2) years from the final conclusion of the Litigation (including exhaustion of all appeals), any person who has received or had access to another party's CONFIDENTIAL MATERIAL shall not prosecute, supervise, or participate in any way in the prosecution of: (1) U.S. Patent No. 7,194,366 ("the '366 patent"); (2) U.S. Patent No. 7,409,306 ("the '306 patent"); (3) U.S. Patent Application Serial No. 12/080,159; (4) U.S. Patent No. 6,789,032 ("the '032 Patent"); (5) U.S. Patent No. 7,139,944

("the '944 Patent"); (6) any other application naming Adit D. Singh or Thomas S. Barnett as an inventor; or (7) any Related Patent Application.  As used herein, "Related Patent Application" means any application claiming priority to the '366 patent, the '306 patent, the '032 Patent, the '944 Patent, Application Serial No. 12/080,159, or any other application naming Adit D. Singh or Thomas S. Barnett as an inventor, including, but not limited to, all continuations, continuations-in-part, and/or divisionals, and any foreign counterpart(s) to any of the foregoing. This prosecution bar shall not preclude participation in any reexamination of the '366 patent, the '306 patent, the '032 Patent, the '944 Patent, or any patent that may issue from Application Serial No. 12/080,159 or any Related Patent Application.

16.     Before a Receiving Party may disclose Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY to any expert or consultant ("Expert") pursuant to the terms of Paragraph 12(c), *supra*, that party shall, at least fourteen (14) days prior to such disclosure, notify the Producing Party, in writing, of its intent to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY Discovery Material to such person.  Such notification shall be made to all counsel of record in the Litigation and shall include (1) the name, current address, and present employment affiliation (including job title) of the Expert to whom such disclosure is proposed, (2) a copy of the Expert's current and up-to-date resume, (3) the Expert's consulting activities and job history for the past five (5) years, and (4) any past or present relationship, if any, with the Receiving Party.  The notification shall include a copy of the Acknowledgement signed by the Expert in the form attached hereto as Exhibit A.  The Producing Party receiving such notification may, for good cause, object to the proposed disclosure by giving notice of such objection and the reasons therefore, in writing, to the Receiving Party.  Such notice of objection

Exhibit D
Page 128

shall be made within fourteen (14) days of receipt of the notification of intent to disclose, and no disclosure shall be made before expiration of the fourteen (14) day objection period.  If an objection is made and not resolved by agreement of the parties, the Producing Party shall, within seven (7) days after failing to reach agreement, apply to the Court for an order that disclosure is improper.  The proposed disclosure shall not take place until any objection from the Producing Party is resolved by the Court in favor of making the proposed disclosure.  Failure to object or apply to the Court within the time periods set forth above shall be deemed consent to the proposed disclosure as set forth in the notification.

17.    Counsel for the Parties shall employ reasonable protective measures to ensure that the Discovery Material governed by this Stipulated Order are used only for the purposes specified herein, and disclosed only to authorized persons.  All CONFIDENTIAL MATERIAL shall be kept in a secure manner by each Receiving Party and by those who are authorized to have access to such material as set forth in Paragraphs 12 and 13, *supra*.

18.    All CONFIDENTIAL MATERIAL presented to the Court through, memoranda, pleadings or otherwise shall be submitted in a sealed envelope or container bearing a statement substantially in the following form:

CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER ENTERED BY THE COURT
This envelope (or container) containing the above-identified papers filed by
[name of Party] is not to be opened nor the contents thereof displayed or revealed
except by further Order of the Court or by agreement of the Parties.

The contents of such filings shall be kept under seal by the Court and treated in accordance with the provisions of this Stipulated Order.

19.    If a Receiving Party that has obtained CONFIDENTIAL MATERIAL pursuant to this Stipulated Order: (a) is subpoenaed in another proceeding; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a

Party to the Litigation, for the purpose of obtaining the disclosure of such CONFIDENTIAL

MATERIAL, that Receiving Party shall object on the grounds that, at a minimum, the

CONFIDENTIAL MATERIAL is covered by this Protective Order and give prompt written

notice of its receipt of such subpoena, demand or legal process to counsel of record for all Parties

to the Litigation and any participating non-party so as to allow any Party or participating non-

party at least fourteen (14) days, or such lesser time as such subpoena, demand or legal process

specifies for production, to intercede and protect its rights.

20.    Nothing herein shall be deemed to restrict in any manner any Party's

dissemination or use of its own CONFIDENTIAL MATERIAL.

21.    In the event that any CONFIDENTIAL MATERIAL is disclosed to someone not

authorized to receive such material under this Stipulated Order, or if a person so authorized

breaches any of his or her obligations under this Stipulated Order, counsel of record for the Party

or non-party involved immediately shall disclose the unauthorized disclosure or breach to the

Producing Party's counsel of record, and also shall use his or her best efforts to obtain the return

of all copies of the CONFIDENTIAL MATERIAL and to prevent any further disclosures of the

same.

22.    If a Receiving Party objects to the designation of any Discovery Material as

CONFIDENTIAL MATERIAL, the Receiving Party so objecting shall state the objection by

letter to counsel of record for the Producing Party and copy all counsel of record in this action.

After providing this notice of objection, the Parties (and to the extent the challenged designation

is made by a non-party, such non-party or its counsel) shall confer within seven (7) days in an

attempt to resolve the dispute regarding the designation of the Discovery Material.  If the Parties

(or non-parties) are unable to resolve the dispute, the Receiving Party may within an additional

seven (7) days move the Court to remove the CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY designation.  Until the Court rules on the motion, the relevant Discovery Material shall continue to be treated by each Receiving Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY as designated.

      23.    None of the provisions of the Stipulated Order shall apply to the following categories of Discovery Material, and any Party may apply to remove the restrictions set forth herein on the Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY based upon a showing that such Discovery Material was:

        a.    available to the public prior to production hereunder;

        b.    available to the public after the time of production through no unauthorized act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

        c.    known to the Receiving Party or shown to have been independently developed by the Receiving Party prior to production herein;

        d.    obtained by the Receiving Party from a non-party having the right to disclose the same; or

        e.    previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without obligation of confidentiality and not by inadvertence or mistake.

      24.    Upon final termination of the Litigation, and exhaustion of all avenues of appeal, each Receiving Party shall within ninety (90) days either assemble and return to the appropriate

Exhibit D
Page 131

Producing Party, or destroy and subsequently certify to the Producing Party destruction of, all CONFIDENTIAL MATERIAL (except attorney work product), and all copies thereof, including all copies provided by the Receiving Party to any consultant, expert or other person pursuant to Paragraphs 12 or 13 herein, provided that nothing herein shall preclude lead counsel for the Parties from retaining one copy of any discovery responses, pleadings, and filings with the Court, and any CONFIDENTIAL MATERIAL that was attached or identified as an exhibit (i) to any pleading or paper submitted to the court during the course of the Litigation or (ii) to a deposition taken in the Litigation, or (iii) to a list of exhibits used at any trial or hearing in the Litigation, and all such CONFIDENTIAL MATERIAL shall remain subject to this Stipulated Order.

25.     Counsel shall take reasonable steps to identify Discovery Material protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity prior to the disclosure of any such Discovery Material.  If, however, a Producing Party inadvertently discloses Discovery Material that is privileged, the Producing Party shall, within a reasonable period of time upon discovery of the disclosure, so advise the Receiving Party in writing and take reasonable steps to rectify the error, including requesting that the inadvertently produced Discovery Material be returned or destroyed.  If that request is made, no Party to this action shall thereafter assert that the disclosure waived any privilege or immunity.  The Receiving Party shall return or destroy the inadvertently produced Discovery Material, and all copies, derivations, excerpts, summaries and/or notes related thereto within seven (7) days of the Receiving Party's receipt of a written request for the return or destruction of the inadvertently produced Discovery Material.  Upon returning any inadvertently produced Discovery Material, the Receiving Party may request that the Producing Party provide a privilege log of the returned or destroyed

Exhibit D
Page 132

Discovery Material in accordance with Fed. R. Civ. P. 26(b)(5)(A) within fourteen (14) days. The Receiving Party having returned or destroyed the inadvertently produced Discovery Material may thereafter seek production of that Discovery Material in accordance with the Federal Rules of Civil Procedure, but cannot assert that the privilege has been waived due to the inadvertent disclosure.  These procedures are not intended to limit the right of a Party to argue under Federal Rule of Evidence 502 or any other law, rule or authority that any inadvertent production did not constitute a waiver.

26.    Nothing herein shall prevent a Party from seeking to amend, modify or change the terms of this Stipulated Order, either by means of a signed agreement between all of the Parties that is submitted to the Court for its approval, or by seeking relief from the Court.  For example, should the production of source code become necessary, the Parties agree to negotiate in good faith regarding the need for any special procedures or restrictions governing the handling of such source code.

27.    Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to these matters.  The designation of Discovery Material as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY pursuant to this Stipulated Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to these matters pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY.  Nothing herein shall

preclude anyone from seeking an order from the Court that any portion of the evidence be taken *in camera*, with all related testimony and CONFIDENTIAL MATERIAL sealed and withheld from the general public.

28.     Nothing in this Stipulated Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to the Litigation, and in the course thereof, relying upon an examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY Discovery Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY Discovery Material, nor the source of any CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY Discovery Material, to anyone not authorized to receive such Discovery Material pursuant to the terms of this Stipulated Order.

29.     To the extent the Parties have agreed on the terms of this Stipulated Order, such stipulation is for the Court's consideration and approval as a Stipulated Order.

30.     Upon execution, this Stipulated Order shall be binding upon the Parties hereto, and upon their respective counsel of record, successors, assigns, subsidiaries, divisions, and employees.

31.     This Stipulated Order is effective on the date of its execution and shall survive the conclusion of the Litigation. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Stipulated Order.

Exhibit D
Page 134

DONE this 14th day of January, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE


**<u>EXHIBIT A</u> TO STIPULATED PROTECTIVE ORDER**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| AUBURN UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-cv-00694-MEF |
| v. | ) | |
| | ) | |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

1.    My name is _____.
I live at _____.
I am employed as _____ (state
position) by _____ (state name,
address and telephone number of employer).

2.    I am aware that the parties have entered into a Stipulated Protective Order (the "Stipulated Order") in the above-captioned litigation in the United States District Court for the Middle District of Alabama.  A copy of the Stipulated Order has been given to me and I have carefully read and understand it.

3.    I promise and agree that material and information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" under the Stipulated Order will be used by me only under and in accordance with the terms of the Stipulated Order.

4.    I promise and agree that I will not disclose or discuss CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY information or material with any person other than those persons specifically listed in the Stipulated Order as authorized to receive such information or material, and according to the procedures therein specified.

5.    I understand that any use or disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY information or material or any copies, derivations, portions, excerpts or summaries thereof or any information obtained therefrom in any manner contrary to the provisions of the Stipulated Order, may subject me to personal liability and the sanctions of the Court.

6.      I agree to submit to the jurisdiction of the United States District Court for the Middle District of Alabama for purposes of enforcing the terms of this Stipulated Order even if such enforcement proceedings occur after termination of this action.

DATED this _____ day of _____, 20___

_____
Printed Name


_____
(Signature)