UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBURN UNIVERSITY, an Alabama Corporation,<br><br>                                      Plaintiff,<br>      v.<br>INTERNATIONAL BUSINESS MACHINES CORP., a New York Corporation,<br><br>                                      Defendant. | Civil No.   11-cv-0399-L (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE ITS SUBPOENA TO OPTIMALTEST, INC. AND COMPEL THE PRODUCTION OF DOCUMENTS**<br><br>**[ECF No. 2]** |

      On February 25, 2011, Plaintiff Auburn University ("Auburn") filed a Motion to Enforce its Subpoena to OptimalTest, Inc., and Compel the Production of Documents.  (ECF No. 2.)  On March 17, 2011, Third Party OptimalTest, Inc. filed its Opposition.  (ECF No. 6.)  On March 24, 2011, Auburn filed its Reply.  (ECF No. 8.)  Based upon the parties' pleadings and the relevant law, the Court hereby **DENIES** Plaintiff's Motion to Enforce its Subpoena.

      Auburn contends (1) OptimalTest has access to responsive documents and should be required to produce the same, and (2) Auburn's requests are narrowly tailored to obtain necessary and relevant discovery from OptimalTest.

      First, OptimalTest contends it has no access to responsive documents that may be in OptimalTest Israel's possession.[1]  Second, OptimalTest contends the subpoena was improperly served on OptimalTest Delaware's California registered agent for service of process.  Third,

---

[1] Auburn seeks documents from OptimalTest Delaware, documents Third Party OptimalTest Delaware contends may be in their parent company, OptimalTest Israel's, possession.

1  OptimalTest contends Auburn must comply with the Hague Convention in order to seek documents
2  from a non-party Israeli citizen.  Fourth, OptimalTest contends Auburn fails to provide good cause
3  for the production of the requested documents, nor could it, since the relevant date for assessing
4  ownership of IBM and Auburn's patents is 2003, years before the two separate OptimalTest entities
5  were even formed. Finally, for the aforementioned reasons, OptimalTest seeks attorneys fees
6  pursuant to FRCP 45(c)(1) in light of the more than $10,000 OptimalTest has incurred in dealing
7  with Auburn's requests.

        Generally, a non-party subsidiary cannot be compelled to produce documents in its foreign parent company's possession. *See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145-46 (D. Del. 2005).  As this Court held in *LG Display Co., Ltd. v. Chi Mei Optroelectronics Corp.*, Civil No. 08cv2408-L (POR), "[a] subsidiary will be deemed to have possession, custody or control of documents held by its parent company only in certain circumstances."  Specifically, courts hold that a subsidiary has possession, custody, or control of documents held by its parent where the relationship is such that the subsidiary can secure documents of the parent to meet its own business needs. *See, e.g. Cooper Indus. v. British Aerospace Corp.,* 102 F.R.D. 918, 919 (S.D.N.Y. 1984).

        Both the United States and Israel are signatories to the Hague Convention.  The United States Supreme Court has held there is no blanket rule that one must follow the Hague Convention when seeking foreign discovery; rather, the Court engages in a "particularized analysis" of the facts in each case, sovereign interests, and the availability of discovery under the Hague Convention before determining how to proceed. *Societe Nat. Ind. Aero v. U.S. Dist. Court*, 482 U.S. 522, 544 (1987).

        Based thereon, IT IS HEREBY ORDERED:

1. Auburn has not sufficiently demonstrated Optimal has possession, custody or control over the requested documents.  Furthermore, Auburn has not complied with the Hague Convention.  Based thereon, the Court hereby **DENIES** Auburn's Motion to Enforce.

2. To the extent Third Party OptimalTest seeks attorneys fees:

      a.    Third Party OptimalTest may file a formal motion for attorneys fees, if any, on or before **April 11, 2011**.

      b.    Plaintiff Auburn may file an Opposition, if any, on or before **April 18, 2011**.

      c.    OptimalTest's motion, if filed, shall be heard on **April 21, 2011** at **2:00 p.m**. Without further court order, <u>no appearances are required</u> at that hearing. OptimalTest's motion shall be deemed submitted on the papers at that time.

**IT IS SO ORDERED.**

DATED: March 30, 2011

*Louisa Porter*
LOUISA S PORTER
United States Magistrate Judge