UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBURN UNIVERSITY, an Alabama Corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP., a New York Corporation,<br><br>　　　　　　　　　　　　Defendant. | Civil No.   11-cv-0399-L (POR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTY OPTIMALTEST, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**[ECF No. 10]** |

　　On April 11, 2011, Third Party OptimalTest, Inc., filed a Motion for Attorneys' Fees and Costs from Auburn University and Fish & Richardson, P.C., jointly and severally, in the amount of $31,487.42. (ECF No. 10.) OptimalTest contends Plaintiff Auburn University should bear the responsibility of paying the attorneys' fees and costs it incurred to oppose Plaintiff's motion to enforce a subpoena because Plaintiff filed the motion despite lacking evidence showing OptimalTest has access, custody or control over the documents requested. *Id.*

　　On April 18, 2011, Plaintiff filed an Opposition. (ECF No. 11.) Plaintiff contends it was substantially justified in seeking responsive documents it reasonably believed were accessible to and within the possession, custody, or control of, OptimalTest's California employees. *Id.*

　　Pursuant to FRCP 45(c)(1), "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The issuing court must enforce this duty and impose an appropriate sanction–which may include lost earnings and reasonable attorney's fees–on a party or attorney who

1  fails to comply." Similarly, FRCP 37(A)(5)(B) states that if a motion to compel "is denied, the
2  Court...must, after giving an opportunity to be heard, require the movant, the attorney filing the
3  motion, or both to pay the party or deponent who opposed the motion its reasonable expenses
4  incurred in opposing the motion, including attorney's fees." However, a Court "must not" order
5  attorneys' fees "if the motion was substantially justified or other circumstances make an award of
6  expenses unjust." *Id.*

7  Here, Jeffrey Goldman, Esq., counsel for Third Party OptimalTest states in his declaration
8  that he "explicitly told [Plaintiff's counsel] that any motion to enforce by Auburn would be met with
9  declarations explaining that OptimalTest-Delaware had no possession, custody, or control over
10 relevant and responsive documents." (ECF No. 10-2 at ¶7.) In fact, OptimalTest Delaware made
11 this precise argument in its opposition to Plaintiff's Motion to Enforce the Subpoena, a motion this
12 Court denied based on Plaintiff's failure to demonstrate OptimalTest had possession, custody or
13 control over the requested documents. (ECF Nos. 6,9.) Also, Mr. Goldman states in his declaration
14 that he offered to inquire whether OptimalTest Israel had any documents they may be willing to
15 provide, so long as Plaintiff agreed to cease proceedings in America and bring any further request
16 for relief in Israel pursuant to the Hague Convention. (ECF No. 10-2 at ¶8.) Plaintiff rejected this
17 offer. *Id.* at ¶9.

18 Plaintiff's decision to file a motion to enforce its subpoena despite counsel for OptimalTest's
19 representation that (1) it did not have possession, custody or control over the requested documents,
20 (2) that it would state so in opposition to any motion for such documents, and (3) that it would
21 inquire whether OptimalTest Israel had any documents they may be willing to provide, demonstrates
22 Plaintiff did not "take reasonable steps to avoid imposing undue burden or expense" upon
23 OptimalTest, thereby violating FRCP 45(c)(1). Further, in light of OptimalTest's representations to
24 Plaintiff's counsel, the Court finds Plaintiff's motion to enforce its subpoena upon OptimalTest was
25 not "substantially justified." *See* FRCP 37(A)(5)(B). Plaintiff could have utilized alternative
26 avenues of discovery in order to achieve the production of documents requested from Third Party
27 OptimalTest, such as through a deposition.

28 However, counsel for OptimalTest request over $30,000 in attorneys' fees attributable to

1  work performed by attorneys responding to Auburn's subpoenas issued out of the District of
2  Delaware <u>and</u> the Southern District of California.  (ECF No. 10-1 at 13.)  A review of OptimalTest's
3  Motion for Attorneys' Fees reveals the fees it incurred in 2010 are attributable to work it completed
4  in response to the Delaware subpoena, whereas the fees OptimalTest incurred in 2011 are
5  attributable to work it completed in response to the California subpoena.  (ECF No. 10.)  This Court
6  declines to address the motion Plaintiff filed in Delaware, as it is not before this Court.

7      Accordingly, the Court hereby GRANTS in part and DENIES in part Third Party
8  OptimalTest's Motion for Attorneys' Fees. Plaintiff Auburn University and Fish & Richardson,
9  P.C., are jointly and severally responsible for the payment of $23,522, the fees OptimalTest incurred
10 in 2011 with regard to the California subpoena.  Such payment will be made on or before **May 6,**
11 **2011**, and Auburn University and Fish & Richardson, P.C. shall file a sworn verification with the
12 Court within <u>three business days</u> thereafter that such amount has been provided to OptimalTest,
13 Inc.'s counsel of record, Pepper Hamilton, LLP, 4 Park Plaza, Suite 1200, Irvine, California 92614,
14 attn: Jeffrey M. Goldman, Esq.

15     **IT IS SO ORDERED.**

16 DATED:  April 22, 2011

17
18                       LOUISA S PORTER
                      United States Magistrate Judge
19
20 cc:       The Honorable M. James Lorenz
          all parties
21
22
23
24
25
26
27
28